IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-02020-PAB

ADAMS COUNTY SELF STORAGE, LTD, Liability Company,

     Plaintiff,

v.

MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA,

     Defendant.

---

**ORDER TO SHOW CAUSE**

---

The Court takes up this matter *sua sponte* on plaintiff's amended complaint
[Docket No. 9]. Plaintiff states that the Court has subject matter jurisdiction over this
lawsuit pursuant to 28 U.S.C. § 1332(a). Docket No. 9 at 2, ¶ 4.

In every case and at every stage of the proceeding, a federal court must satisfy
itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See
Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628
F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court
may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427
F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of
jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the
Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.
1988). Second, regarding subject matter jurisdiction, "the consent of the parties is
irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a). Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts presently alleged are insufficient to establish defendant's citizenship.

Plaintiff states that defendant "is a New York corporation with an office located at 15 Independent Blvd., Warren, New Jersey 07059-2713." Docket No. 9 at 1-2, ¶ 3. However, plaintiff does not identify defendant's principal place of business. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and of the State or foreign state where it has its principal place of business* . . . ." (emphasis added)). The Court is therefore unable to determine the citizenship of defendant and whether the Court has jurisdiction. Wherefore, it is

**ORDERED** that, on or before **5:00 p.m.** on **September 14, 2018**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED September 6, 2018.

BY THE COURT:


  s/Philip A. Brimmer

PHILIP A. BRIMMER
United States District Judge